UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ABNER ESTUARDO VELASQUEZ LEON,

Petitioner,

v.

U.S. ATTORNEY GENERAL/ICE, et al.,

Respondents.

No. 1:26-cv-07221-DC-CKD (HC)

ORDER GRANTING PETITIONER'S MOTION FOR TEMPORARY RESTRAINING ORDER AND PETITION FOR WRIT OF HABEAS CORPUS

(Doc. No. 1)

This matter is before the court on Petitioner's motion for a temporary restraining order (Doc. No. 1), filed in conjunction with his petition for a writ of habeas corpus brought under 28 U.S.C. § 2241, challenging his ongoing immigration detention. (Doc. No. 1.)

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art. I, § 9, cl. 2). A petitioner must be "incarcerated—or, as here, in [immigration] custody—at the time a habeas petition is filed." *Abdala v. I.N.S.*, 488 F.3d 1061, 1064 (9th Cir. 2007). Noncitizens admitted to the United States pursuant to a visa are subject to discretionary detention under 8 U.S.C. § 1226(a) if they "overstay or violate the terms of their visa[]" or lawful nonimmigrant status. *See Rodriguez Vazquez v. Bostock*, 183 F.4th 1160, 1167 (9th Cir. July 30, 2026) ("Section 1226 refers generally to [noncitizens], without limitation.

Because § 1226 is not limited to [noncitizens] deemed applicants for admission, the [noncitizens] subject to § 1226 include other [noncitizens], such as admitted [noncitizens] who overstay or violate the terms of their visas.") (citation modified).

Further, this court has previously addressed the legal issues raised by Count Two of the petition. (Doc. No. 1 at 7.) Specifically, this court has held that noncitizens admitted to the United States pursuant to a visa, but not detained within a reasonable time after the expiration of their lawful status, develop a vested liberty interest in remaining free from detention such that due process forbids the government from detaining the noncitizen unless they are first provided with adequate notice and a pre-deprivation hearing before a neutral arbiter at which bond must be considered. *See Oliveira Tinoco v. Albarran*, No. 1:26-cv-05505-DC-CKD, 2026 WL 2949219, at *5–7 (E.D. Cal. Oct. 1, 2026) (granting motion for temporary restraining order and petition for a writ of habeas corpus on due process grounds, and ordering that the petitioner who had overstayed her visa be returned to the status quo ante litem); *Kaur v. Chestnut*, No. 1:26-cv-05349-DC-CSK, 2026 WL 2790742, at *1 (E.D. Cal. Sept. 17, 2026) (adopting findings and recommendations, granting petition for a writ of habeas corpus on due process grounds, and ordering that the petitioner who had overstayed their visa be released immediately); *Zhou v. Warden, Cal. City Immigr. Processing Ctr.*, No. 1:26-cv-05774-DC-CSK, 2026 WL 2825584, at *1 (E.D. Cal. Sept. 21, 2026) (same).

On September 9, 2026, the court issued an order informing the parties that it was considering ruling directly on the petition and asking both parties whether they oppose simultaneous resolution of the motion for temporary restraining order and habeas petition. (Doc. No. 3.) On September 11, 2026, Respondents filed an opposition to Petitioner's motion for temporary restraining order in which they did not affirmatively oppose the court ruling on the underlying habeas petition. (Doc. No. 5.) Petitioner opted not to file a reply brief and thus has not affirmatively opposed the court simultaneously ruling on the habeas petition and motion for temporary restraining order.

Respondents' opposition and attached exhibits show that Petitioner was detained by immigration authorities on July 26, 2026, on the grounds that he overstayed the visa that he was

admitted under in 2016.[1] (Doc. Nos. 5, 5-1, 5-2 at 4, 5-3.) Respondents argue that "[t]he petition should be denied because Petitioner's detention [pursuant to 8 U.S.C. § 1226(a)] is lawful and consistent with § 1226(a) and its implementing regulations." (Doc. No. 5 at 3.) Respondents also note that Petitioner was arrested for an alleged criminal offense in 2024 and that the case was disposed of with "no action," but provide the court with no argument as to how that dropped charge has any bearing on this case. (Doc. Nos. 5 at 2; 5-4 at 5).

For the reasons set forth in *Oliveira Tinoco*, this court is unpersuaded by Respondents' arguments and will thus grant Petitioner's motion for temporary restraining order (Doc. No. 1) and petition for writ of habeas corpus (Doc. No. 1) as to Count Two.[2] *See Oliveira Tinoco*, 2026 WL 2949219, at *4–7. Further, as the court found in *Oliveira Tinoco*, the proper remedy for Respondents' failure to provide Petitioner with a constitutionally compliant pre-deprivation bond hearing is Petitioner's return to the "status quo ante litem, meaning [Petitioner's] last uncontested status immediately preceding detention." *Id.* at *6 (citation modified).

/////

---

[1] The court notes concerning inaccuracies and discrepancies in the Form I-213 Record of Deportable/Inadmissible Alien associated with Petitioner's July 2026 detention. (Doc. No. 5-1.) The form alleges "[Petitioner] admitted to entering the United States illegally, without inspection by an immigration officer or designated official. Records checks confirm the subject has no prior lawful entries, no evidence of departure, and no prior immigration history in the United States" (*id.* at 2); however, the form simultaneously reflects that Petitioner was admitted to the United States pursuant to a visa in 2016 (*id.* at 1) and that Petitioner is being charged with deportability on the grounds of having overstayed his visa and failing to maintain his nonimmigrant status (*id.* at 2). Respondents and the remaining exhibits confirm the latter to be true—that Petitioner was admitted to the United States pursuant to a visa in 2016. (*see* Doc. No. 5, 5-2 at 4, 5-3.) "The Form I-213 error[s] in this regard [are] particularly troubling as it appears Respondents are relying on the information contained in that form," yet do not acknowledge or address the inaccuracies. *See Oliveira Tinoco*, 2026 WL 2942919, at *2 n.3 (E.D. Cal. Oct. 1, 2026) (noting troubling errors in the Form I-213 relied upon by the government).

[2] Because the court is granting the petition on the due process claim (Count Two), the court need not address any additional grounds raised in the petition. *See N.K. v. Noem*, No. 1:26-cv-00292-KES-SAB, 2026 WL 130345, at *1 (E.D. Cal. Jan. 16, 2026) (granting habeas petition as to the second count of the petition and not addressing other counts because the petitioner was entitled to the relief sought based on the court's ruling as to that second count); *Constantinovici v. Bondi*, 806 F. Supp. 3d 1155, 1166 (S.D. Cal. Oct. 10, 2025) (granting habeas petition based on due process claim and "declin[ing] to address the remaining grounds in the Petition for seeking release").

Accordingly,

1. Petitioner's petition for writ of habeas corpus (Doc. No. 1) and motion for a temporary restraining order (Doc. No. 1) are GRANTED as follows:

   a. Petitioner Abner Estuardo Velasquez Leon (A-208-814-252) shall be RELEASED IMMEDIATELY from Respondents' custody with the same conditions he was subject to immediately prior to his detention in July 2026. Respondents shall not impose any additional restriction on him, such as electronic monitoring, unless that is determined to be necessary at a future pre-deprivation/custody hearing;

   b. Respondents shall RETURN all of Petitioner's documents and possessions (e.g., identification, passport, work permit, Social Security card, etc.) upon his release from custody;

   c. Within three (3) days from the date of entry of this order, Respondents shall FILE a notice of compliance with this court confirming that Petitioner has been released in accordance with the above;

   d. If the government seeks to re-detain Petitioner, it must provide no less than seven (7) days' notice to Petitioner and must hold a pre-deprivation bond hearing before a neutral arbiter, at which Petitioner's eligibility for bond must be considered; and

   e. This order does not address the circumstances in which Respondents may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal and Petitioner receives notice of that final order of removal;

2. The Clerk of the Court is directed to serve a copy of this order on the California City Detention Facility; and

/////

/////

/////

3. The Clerk of the Court is directed to enter judgment for Petitioner and close this case.

IT IS SO ORDERED.

Dated: **October 5, 2026**

Dena Coggins
United States District Judge